| UNITED STATES DISTRICT COURT | FOR ONLINE PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

| | |
|---|---|
| JOAO CONTROL AND MONITORING SYSTEMS, LLC., | |
| Plaintiff, | MEMORANDUM AND ORDER |
| - versus - | 14-cv-2598 |
| SLOMIN'S, INC., | |
| Defendant. | |

A P P E A R A N C E S:

      HENINGER GARRISON DAVIS, LLC
           5 Penn Plaza, 23rd Floor
           New York, NY 10001
      By:    Maureen V. Abbey
           *Attorneys for Plaintiff*

      GOTTLIEB, RACKMAN & REISMAN, PC
           270 Madison Avenue
           New York, NY 10016-0601
      By:    Mitchell S. Feller
           *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

        Plaintiff Joao Control & Monitoring Systems, LLC ("JCMS") brings this action for patent infringement against Defendant Slomin's, Inc. ("Slomin's"). In its complaint, filed April 24, 2014, JCMS alleges infringement of five patents under the United States Patent Laws, 35 U.S.C. § 1 *et seq*. Before the Court is Slomin's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), which was filed on August 1, 2014. Slomin's argues that JCMS fails to state claims for direct, induced, and contributory patent infringement. I heard oral argument on October 27, 2014. For the reasons stated below, Slomin's motion is granted in part and denied in part.

BACKGROUND

JCMS's complaint alleges the following facts, which I assume to be true for purposes of this motion. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). JCMS is the owner of five patents that it argues Slomin's has infringed: the '076 Patent, titled "Control, Monitoring and/or Security Apparatus"; the '130 Patent, titled "Control Apparatus and Method for Vehicles and/or for Premises"; the '046 Patent, titled "Monitoring Apparatus and Method"; the '010 Patent, titled "Monitoring Apparatus and Method"; and the '363 Patent, titled "Control and/or Monitoring Apparatus and Method." Compl. ¶ 1, Exs. A-E.

Slomin's business relates to home and business security and loss prevention. *Id.* ¶ 11. JCMS's explanation of the infringing conduct varies slightly from patent to patent, but generally describes Slomin's three devices that constitute a "control apparatus." *See, e.g.*, *id.* ¶ 14. The "control apparatus" consists of a keypad control panel, a server, and a user's computer or phone. *Id.* Slomin's uses the keypad to send a signal to the server, which then signals to the user's phone or computer to alert them about a security event. *Id.* The user can also send a signal from his or her phone or computer to Slomin's server, which sends another signal back to the control panel to activate an associated "premise system," like automatic door locks, id. ¶ 40, or equipment at the premises, like small appliances. *Id.* ¶ 20. Additionally, Slomin's uses monitoring to transmit video information gathered by a camera or recording device to its server, which then transmits the video information to the user's computer or phone. *Id.* ¶ 26.

JCMS alleges that this conduct directly infringes its patents, and also that Slomin's induces customers to infringe through providing access to, support for, and instructions about the products on Slomin's website. *Id.* ¶ 15, 21, 27, 34, and 41. Finally, JCMS alleges that

Slomin's had knowledge of the patents, at the latest, by the time of service of the complaint. *Id.* ¶ 9.

DISCUSSION

A. *Direct Infringement*

Direct infringement claims are governed by 35 U.S.C. § 271(a), which states, "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). The Federal Circuit has found that the adequacy of a pleading of direct infringement is measured by the specificity required in Form 18 of the Federal Rules of Civil Procedure. *See In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334-35 (Fed. Cir. 2012) ("As we held in *McZeal*, Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met. . . . Indeed, a plaintiff need not even identify which claims it asserts are being infringed.") (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)). Although Federal Circuit decisions on the standard for failure to state a claim are not considered binding, "courts have considered the reasoning in those cases as strongly persuasive authority." *Pragmatus AV, LLC v. TangoMe, Inc.*, No. 11-1092-LPS, 2013 WL 571798, at *1, n.1 (D. Del. Feb. 13, 2013) (quoting *In re Bill of Lading*, 681 F.3d at 1331) (additional citations omitted); *see also Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 445-46 (E.D.N.Y. 2012) (noting that Form 18 likely controls pleading standard for direct infringement).[1]

To comply with the requirements of Form 18, a plaintiff must include:

---

[1] At least one case in this circuit has stated that under the law of the regional circuit, compliance with Form 18 is not sufficient for an infringement claim to withstand a motion to dismiss, and a court must also apply the principles of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) at the pleading stage. *Regeneron Pharm., Inc. v. Merus B.V.*, No. 14-CV-1650(KBF), 2014 WL 2795461, at *1 (S.D.N.Y. June 19, 2014). However, it also recognized that the Second Circuit has not addressed the issue. *Id.*

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (quoting *McZeal*, 501 F.3d at 1357).

JCMS argues it has complied with the requirements of Form 18 and FRCP 8(a). *See* Pl. Br. 4. Indeed, JCMS's Complaint alleges (1) a statement of jurisdiction, Compl. ¶ 4; (2) that JCMS owns each of the five patents in suit, id. ¶¶ 13, 19, 25, 32, and 39; (3) that Slomin's has infringed the patents, id. ¶¶ 14, 20, 26, 33, and 40; (4) notice to Slomin's through service of the Complaint, id. ¶ 9; and (5) a demand for injunctive relief and damages, id. ¶¶ 17, 23, 30, 37, and 44.

Slomin's argues that compliance with Form 18 is insufficient because Form 18 applies to a direct infringement claim only if the infringement is performed by a single actor. *See* Def. Br. 8. Slomin's argues that because JCMS's allegations involve "a combination of three separate parts, one of which JCMS contends is a user's own phone or computer that interacts with the system," and the allegations "require the presence and use of a *user's* own computer or phone," the claim is based on a divided or joint infringement theory. *See id.* 9-10 (emphasis in original). In support, Slomin's cites *Desenberg v. Google*, where the Federal Circuit upheld a dismissal of a claim for direct infringement because the infringer, Google, "does not itself perform all steps of the claim." 392 F. App'x 868, 870 (Fed. Cir. 2010). *Desenberg* held that "direct infringement could not be found unless the defendant performed, or directed or controlled the performance, of all of the steps of the claimed method." *Id.* at 870 (citing *BMC Resources v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007)).

4

In response, JCMS states it has not pleaded divided or joint infringement. Pl. Br. 12. It argues that multiple actors are not required to directly infringe the patents in suit and says "[n]o customer involvement is required." *Id.* at 6. However, Slomin's argues that JCMS's claims in Count I require customer involvement by describing how the server "**sends a signal to a user's phone or computer**" and "**[i]n response, the user may then initiate an action** . . ." Def. Br. 9-10 (emphasis in original) (quoting Compl. ¶ 14). Slomin's cites to similar allegations in the Complaint for the remaining four counts. *See* Def. Br. 10 (quoting Compl. ¶¶ 20, 26, 33, 40).

Although *Desenberg* concluded at the motion to dismiss stage that the alleged infringer could not perform all of the steps of the claimed method, other cases have held the decision is best left until after the claims in question have been construed. For example, in *Pragmatus AV, LLC, v. Tangome, Inc.*, the court found that in cases where the parties do not agree on whether the claims at issue can be read to allow for one person or entity who performs all the steps in a claimed method, resolution of the dispute on a motion to dismiss is premature. *See* No. 11-1092-LPS, 2013 WL 571798, at *5 (D. Del. Feb. 13, 2013), *report and recommendation adopted*, 2013 WL 2295344 (D. Del. May 24, 2013). *Pragmatus* distinguished *Desenberg* because *Desenberg* involved a *pro se* plaintiff who stated he was bringing suit under an "undivided infringement theory," yet whose allegations included a description of the method expressly requiring one step of the process to be performed by the user in a "wherein clause." *See id.* at *7. In applying the relevant law, the district court found that a claim for direct infringement would require Google to perform the "user" and "provider" steps in the claim, "which [plaintiff] has not alleged, and by the very terms of his patent, cannot realistically allege." *Id.*; *see also ArrivalStar S.A. v. Port Auth. of New York & New Jersey*, No. 11-CV-1808,

2012 WL 1059693, at *2-3 (S.D.N.Y. Mar. 29, 2012); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 889-90 (N.D. Cal. 2011); *Tune Hunter, Inc. v. Samsung Telecomm. Am., LLC*, No. 09–cv–148–TJW, 2010 WL 1409245, at *5 (E.D. Tex. Apr. 1, 2010).

The pleadings in this case are not clear as to whether customer involvement is required to infringe the claims at issue. In one portion of the complaint quoted by Slomin's, the allegation is that the user "may" be required to initiate an action in response to the signal sent to his or her phone. *See* Compl. ¶ 14. This description of user involvement is not as clear-cut as it was in *Desenberg*, where the description of the claimed method said "performance of the service includes a service transaction fee paid by the user." *See* 392 F. App'x at 870. For this reason and because JCMS argues it has not pleaded divided infringement, I agree with the approach described in *ArrivalStar*. At this stage, it is premature to decide as a matter of law the user's participation in the infringing conduct.

Finally, as JCMS points out, the adequacy of its claim for direct infringement was previously addressed in a case against Sling Media, *Joao Control & Monitoring Sys. of California, LLC v. Sling Media*, Inc., No. C-11-6277 EMC, 2012 WL 3249510 (N.D. Cal. Aug. 7, 2012). There, when faced with a similar argument from the defendant – that JCMS did not plead direct infringement because "each claim of the patents at issue require a device Defendant does not make, use, or sell (*e.g.*, the customer's personal computer) – the district court found that resolution of the dispute required a construction of the claims and was inappropriate at the motion to dismiss stage. *See Sling Media*, 2012 WL at *5 ("Defendant's arguments to the contrary are predicated on matters that exceed the requirements of Form 18, and require the Court to delve into a greater level of specificity and examination of the scope of Plaintiff's patent claims than required by the Form.").

Because whether user involvement is required to infringe the claims in suit will be an issue for claim construction and JCMS has satisfied the requirements of Form 18, Slomin's motion to dismiss JCMS's claim for direct infringement is denied.

B.   *Induced Infringement*

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To survive a motion to dismiss for induced infringement, a plaintiff's complaint must contain facts that show a defendant "specifically intended their customers to infringe" the patents and "knew that the customer[s'] acts constituted infringement. *In re Bill of Lading*, 681 F.3d at 1339. In addition, the Supreme Court recently confirmed that that "inducement liability may arise if, but only if, [there is] . . . direct infringement." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014) (citation omitted).

Compliance with Form 18 is insufficient, and the general principles of *Twombly* and *Iqbal* should be applied. *See Pecorino*, 934 F. Supp. 2d at 446-47. Therefore, for an induced infringement claim to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In making this determination, a court should assume all well-pleaded allegations in the complaint to be true "and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citation omitted).

JCMS argues it has pleaded sufficient facts to show Slomin's intended its customers to infringe the patents. It also argues that Slomin's provision of a website, information about its products, and user guides for installation and use of the products, supports

an inference of a specific intent to infringe. *See* Pl. Br. 8. Courts have found that where a plaintiff alleges that the defendant provides customers with explanations, instructions, and information about how to use the infringing products, that "supports a reasonable inference that [the defendant] induced the customers to use the allegedly infringing devices." *See Automated Transactions, LLC v. First Niagra Financial Grp., Inc.*, No. 10–CV–00407(A)(M), 2010 WL 5819060, at *6 (W.D.N.Y. Aug. 31, 2010), *report and recommendation adopted by* 2011 WL 601559 (W.D.N.Y. Feb.11, 2011). *See also 3D Sys., Inc. v. Formlabs, Inc.*, No. 13 Civ. 7973, 2014 WL 1904365, at *4-5 (S.D.N.Y. May 12, 2014) (complaint stated claim for induced infringement where it alleged videos and websites provided by defendant gave instruction on how to use product in infringing manner).

To survive a motion to dismiss the induced infringement claim, JCMS must also allege that Slomin's had notice that its customers' acts constituted infringement. *See In re Bill of Lading*, 681 F.3d at 1339. JCMS contends that filing the Complaint provided the requisite notice to Slomin's. Pl. Br. 8. Defendant responds in part by arguing that any claim of induced infringement that pre-dates the filing of the complaint should be dismissed because JCMS has not alleged that Slomin's had knowledge of the patents before the complaint. As discussed at oral argument, I agree and dismiss any such claims without prejudice. In the event that discovery reveals facts that demonstrate Slomin's had knowledge of the patents before the complaint was filed, JCMS will be able to seek leave to amend the complaint accordingly.

For these reasons, Slomin's motion to dismiss JCMS's claims based on induced infringement is granted in part and denied in part.

C. *Vicarious Liability*

Slomin's also argues that to the extent JCMS alleges direct or induced infringement based on a divided infringement theory, those claims should be dismissed for a failure to plead the necessary direction or control by one party over the others. *See* Def. Br. 8. Indeed, when actions of multiple parties are required to infringe a claimed method or apparatus, the infringer must be vicariously liable for the other party's actions. *See Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1286-87 (Fed. Circ. 2011) (apparatus claims); *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329-30 (Fed. Cir. 2008) (method claims). I need not engage in a vicarious liability analysis for either direct or induced infringement at this stage. Even if Slomin's is correct that multiple users are required to perform the steps of the claimed apparatus/method, JCMS should have the benefit of discovery before it must prove its theory of infringement. *See ArrivalStar*, 2012 WL 1059693, at *2; *Tune Hunter*, 2010 WL 1409245, at *5.

D. *Contributory Infringement*

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *Pecorino*, 934 F. Supp. 2d at 448 (citing 35 U.S.C. § 271(c)); *see also Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005). A claim for contributory infringement requires the plaintiff show "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing

uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

JCMS seeks damages for contributory infringement in its prayer for relief but does not plead facts supporting a plausible inference of contributory infringement. JCMS alleges the requirements for direct infringement and that the accused infringer had knowledge of the patent as of the date of the Complaint. It argues that has satisfied the third and fourth elements of contributory infringement by explaining how Slomin's business is "directed to home security systems" and stating that the components all relate to security. Pl. Br. 11 (citing Compl. ¶11). These allegations are insufficient to state a claim. Plaintiff has not alleged facts suggesting that just because Slomin's business relates to home security, there is no substantial noninfringing use. For these reasons, Slomin's motion to dismiss JCMS's claim for contributory infringement is granted.

## CONCLUSION

For the reasons stated above, the motion to dismiss the direct infringement claim is denied; the motion to dismiss the induced infringement claim is granted in part and denied in part; and the motion to dismiss the contributory infringement claim is granted.

So ordered.

John Gleeson, U.S.D.J.

Dated: January 6, 2015
      Brooklyn, New York